UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-480-H

LINDA BOOTH and
ERNEST BOOTH                                                                      PLAINTIFFS

V.

WAL-MART STORES EAST L.P.                                                 DEFENDANT

**MEMORANDUM OPINION**

This is a personal injury case in which Plaintiff, Linda Booth, a patron at a Wal-Mart store, tripped and fell over a child seat shopping cart attachment, abandoned in a store aisle by another patron. Wal-Mart has moved for summary judgment. The question presented by this motion is whether Kentucky courts would find in these circumstances an exception to the general rule that property owners are not liable for injuries caused by open and obvious hazards.

I.

Plaintiff entered the Wal-Mart at 3706 Diann Marie Road in Louisville, Kentucky, on July 13, 2004, to purchase lunch meats at the deli counter. She had frequented the store many times. She was aware that Wal-Mart offered child seat attachments to shopping carts for the use of patrons. As she approached the counter, neither customers nor child seat attachments were in the area. As she began speaking to the counter attendant, another patron arrived at the deli and Plaintiff began talking with her. Shortly thereafter, another patron arrived with two children and a child seat attachment. The child of this customer detached the child seat. The customer then

left the area with her children, leaving the child seat attachment in the aisle in plain view. Plaintiff was unaware of the child seat attachment. It was in plain view and not concealed through any act of Wal-Mart. Within a minute or two, during the course of Plaintiff's continuing conversation, she turned to her right and tripped over the child seat.

The evidence shows that the luncheon counter associate saw the child detach the child seat and saw that customer depart the area. Plaintiff says that Wal-Mart is responsible for her fall because it failed to stop the customer from detaching the child seat and failed to remove the child seat after it was abandoned.

II.

Plaintiff's status is one of an invitee. Generally, business owners are required to take reasonable precautions to protect invitees from foreseeable dangers. *See* Prosser and Keeton on Torts, § 61, at 425-26 (5th ed. 1984). For many years Kentucky courts have followed the Restatement (Second) of Torts with respect to the particular liability of businesses to their invitees. *Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364, 367 (Ky. 2005); *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 432-33 (Ky. 2003). The relevant parts of the Restatement, §§ 343 and 343A provide as follows:

> § 343. Dangerous Conditions Known to or Discoverable by Possessor
> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

> \* \* \*
>
> § 343A.  Known or Obvious Dangers
> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
> (2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.
>
> \* \* \*
>
> "Known" means "not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves." *Id.* § 343A cmt. b.  "Obvious" denotes that "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Id.*

In addition, Kentucky courts have long held that owners are not responsible for injuries to invitees arising from open and obvious hazards. *See Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526 (Ky. 1969); *Johnson v. Lone Star Steakhouse & Saloon of Kentucky, Inc.*, 997 S.W.2d 490 (Ky. App. 1999).

In the past few years, however, Justice William S. Cooper of the Kentucky Supreme Court has authored two opinions that change how courts must apply the burden of proof in "slip and fall" cases. *See Horne*, 170 S.W.3d 364; *Lanier,* 99 S.W.3d 431.  These cases do not change the scope of an owner's liability to an invitee, only the allocation of the burden to prove that liability.  Justice Cooper wrote that evidence of a foreign substance on the floor that causes a customer to fall does constitute an unsafe condition. *Id.* at 435.  Such evidence now creates a rebuttable presumption that the owner did not maintain the premises in a reasonably safe

3

condition. *Id.* This amounts to a rebuttable presumption of negligence.[1] Once the plaintiff has established the presumption, the owner can avoid liability by proof that the hazard was not caused by the owner and that the hazard was not present for a sufficient period of time for the owner to remove it or to warn invitees of its presence. *Precision Cars of Lexington*, 170 S.W.3d at 368.

### III.

In our case, the first question is whether such a rebuttable presumption arises at all. Proof of an opaque liquid on the floor does establish a dangerous condition; proof of a clearly visible child seat on the floor does not. The child seat was open and obvious even though Plaintiff did not see it. It was not an obstacle created or caused by Wal-Mart. It seems to fit the classic definition of a condition which is open and obvious about which Wal-Mart has no legal duty to warn. This Court concludes that our evidence does not raise the rebuttable presumption discussed in *Precision Cars*. Plaintiff must raise an inference of negligence in some other way.

Indeed, Plaintiff has premised Wal-Mart's liability solely upon two different but related contentions: first, that a Wal-Mart employee saw a customer detaching the child seat and did not stop her; second, that the employee failed to remove the child seat after it was abandoned. The best available inference from these facts is that a Wal-Mart employee was aware of the abandoned child seat, should have known that Plaintiff was unaware of it and, therefore, had a duty to either warn Plaintiff or to immediately remove the obstruction. Without question, such inferences are altogether different than those which impose the duty to remove a hidden danger.

---

[1] Justice Cooper did not in any way suggest that the open and obvious rule was devalued. *See Horne*, 170 S.W.3d at 368-69.

From time to time, Kentucky courts have acknowledged circumstances that create a legal duty in the owner as to otherwise open and obvious hazards. Examples of such exceptions are where (1) a distraction attributable to the owner, *see* Restatement (Second) of Torts § 343A(1)(cmt. f, ill. 2); (2) the placement or concealment of an otherwise obvious hazard, *see Jones v. Winn-Dixie of Louisville, Inc.*, 458 S.W.2d 767, 769 (Ky. 1970); or (3) circumstances known to the owner making otherwise obvious hazard dangerous in some circumstances, *see Downing v. Drybrough*, 249 S.W.2d 711, 712 (Ky. 1952). In each of these circumstances courts concluded that the owner could and should have anticipated that a condition could cause injury to an invitee even though it may be open and obvious. *See Johnson*, 997 S.W.2d at 492. Such exceptions would normally apply where the owner has caused the distraction or concealment. *See Horne*, 170 S.W.3d at 370. Our case does not fit any of these circumstances because Wal-Mart did not create the circumstances leading to its invitee's encounter with the child seat.

Here, Wal-Mart employees were aware of the abandoned child seat for a moment or two prior to the accident. Those circumstances, however, are not enough to impose an affirmative legal duty on Wal-Mart. No Kentucky cases suggest that an owner has a legal duty to protect an invitee from an imminent accident of his own causing. To impose such a duty would require evidence that the Wal-Mart employee should have anticipated the invitee's failure to see an otherwise obvious hazard. This would require a new kind of exception to the open and obvious rule. Such an exception would impose a legal duty upon store employees to anticipate an invitee's negligence and rescue them from it. Kentucky courts have yet to adopt such a rule and this Court finds no basis for predicting that they would do so. Therefore, no reasonable inference from the evidence supports a claim of negligence under Kentucky law.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record